# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 09-cv-00115 |
| **IFX MARKETS, INC., IPGL, LTD. & HAIN CAPITAL HOLDINGS, LTD.**, | )<br>) Honorable James B. Zagel<br>)<br>) |
| Defendants. | )<br>) |
| **FARR FINANCIAL, INC.,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00120 |
| **CADENT FINANCIAL SERVICES,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00127 |
| **RAND FINANCIAL SERVICES,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00128 |
| **COUNTRY HEDGING INC.,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00130 |
| **VELOCITY FUTURES, LP,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00135 |
| **AMERICAN NATIONAL TRADING CORP.,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00137 |
| **ABN AMRO CLEARING CHICAGO LLC (f/k/a FORTIS CLEARING AMERICAS, LLC),** | )<br>)<br>) |
| Defendant. | )<br>) Case No. 09-cv-00138 |
| **CROSSLAND LLC,** | )<br>) |
| Defendant. | ) Case No. 09-cv-00140 |

## OMNIBUS MOTION FOR JUDGMENT ON COUNT III

Plaintiff Frederick J. Grede, not individually but as liquidation trustee (the "Trustee") for the Sentinel Liquidation Trust ("Trust"), hereby moves the Court for entry of final judgment on Count III of the complaints against IFX Markets, Inc., IPGL, Ltd. & Hain Capital Holdings, Ltd. (Case No. 09-00115); Farr Financial, Inc. (Case No. 09-00120); Cadent Financial Services (Case No. 09-00127); Rand Financial Services (Case No. 09-00128); Country Hedging Inc. (Case No. 09-00130); Velocity Futures, LP (Case No. 09-00135); American National Trading Corp. (Case No. 09-00137); Fortis Clearing Americas, LLC (Case No. 09-00138); and Crossland LLC (Case No. 09-00140) (collectively, the "Defendants") and in support thereof states as follows:

1. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On February 14, 2013, following trial in the *FCStone* proceeding, the Court entered judgment in favor of the Trustee and against FCStone on Count I (avoidance and recovery of post-petition transfer under Bankruptcy Code sections 549(a) and 550), Count II (avoidance and recovery of pre-petition preferential transfer under Bankruptcy Code sections 547(a) and 550), Count III (declaration that the assets in reserve accounts are property of the estate under Bankruptcy Code section 541), and Count V (reduction or disallowance of FCStone's claims) of the complaint against FC Stone. *Grede v. FC Stone, LLC*, 485 B.R. 854 (N.D. Ill. 2013). The Court entered judgment against the Trustee and in favor of FCStone on Count IV, an alternative count asserting assigned customer claims based on an unjust enrichment theory. *Id.* Both parties appealed the Court's judgment.

3. The Trustee thereafter sought summary judgment against the Defendants on Counts I, II,[1] III and V of his complaints against them pursuant to Federal Rule of Civil Procedure 56, seeking relief consistent with the Court's judgment in the *FC Stone* case. After the Trustee's motions for summary judgment against all of the Defendants were fully briefed, the Court entered orders in each of the above-captioned cases entering and continuing the motions for summary judgment until after the Court of Appeals for the Seventh Circuit issued its opinion in the *FCStone* appeal.

4. On March 19, 2014, the Court of Appeals for the Seventh Circuit issued its opinion in the *FCStone* appeal. The Seventh Circuit reversed the Court's judgment in favor of the Trustee on Counts I and II in the *FCStone* case; affirmed the Court's judgment in favor of FCStone on Count IV; and remanded the *FCStone* case to this Court for further proceedings. *Grede v. FCStone, LLC*, 746 F.3d 244 (7th Cir. 2014).

5. On May 27, 2014, Court of Appeals for the Seventh Circuit issued its mandate in the *FCStone* case, which was docketed by the Clerk of this Court on May 28, 2014.

6. On September 3, 2014, the Defendants in the above-captioned proceedings filed with this Court motions for entry of judgment on Counts I, II, IV and V of the complaints against them based on the Seventh Circuit's *FCStone* decision.[2] The Defendants' motions do not address Count III of the complaints.

---

[1] With respect to Cadent Financial Services (Case No. 09-00127), Rand Financial Services (Case No. 09-00128), and Velocity Futures, LP (case No. 09-00135), the Trustee's motion on Count II is a partial motion for summary judgment limited to the August 17, 2007 transfers of proceeds related to the sale of securities to Citadel.

[2] The Trustee will be separately responding to the motions addressing Counts I, II, IV and V pursuant to the briefing schedule set by the Court.

7. Count III of the complaints seeks a declaration that the cash held in reserve accounts established under Sentinel's Plan is property of the Debtor's estate, and may be distributed to Sentinel's creditors in accordance with the terms of the Plan.

8. This Court previously entered judgment in favor of the Trustee and against FCStone on Count III. *Grede v. FC Stone, LLC*, 485 B.R. 854, 890 (N.D. Ill. 2013). With respect to the property of the estate issue, the Court held that *Cunningham v. Brown*, 265 U.S. 1 (1924), and its progeny provide the framework for distributing commingled funds between similarly situated competing trust claimants in bankruptcy. Accordingly, the Court applied *Cunningham*'s pro rata distribution system because FCStone was unable to trace the Citadel securities back to its actual deposited funds. *FCStone*, 485 B.R. at 875-78. Indeed, to the contrary, the Court found that "pure happenstance governed which Sentinel customers received payouts and which customers bore disproportionate losses." *Id*. at 889.

9. FCStone appealed this Court's Opinion and Order. With respect to property of the estate, FCStone argued that the Court erred when it applied *Cunningham* and instead should have applied *Begier v. I.R.S.*, 496 U.S. 53 (1990), wherein the IRS benefitted from a statutory floating trust in an abstract dollar amount rather than a trust in specific property. *FCStone*, 746 F.3d at 259.

10. The Seventh Circuit's opinion did not disturb the Court's findings and conclusions that cash in the reserve accounts was property of the estate. Indeed, the Seventh Circuit's opinion noted that it "agree[d] with the district court that there is no legal basis for putting one trust ahead of the other, despite FCStone and the CFTC's attempts to argue otherwise," and that "the district court had the better answer and that *Cunningham* and its progeny provide useful insight for resolving the competing trust claims in this case." *FCStone*, 746 F.3d at 259. The Seventh Circuit also believed that the property of the estate question would be "academic in this

case because Sentinel's approved bankruptcy plan treats all customers as part of a single class of unsecured creditors, and the time to appeal it has passed. . .[t]hat means that FCStone and the other Seg[ ] 1 and Seg[ ] 3 customers will be treated as unsecured creditors whether they can establish their trusts or not." *Id.* at 258.

11. Because the Court's findings and conclusions concerning the property-of-the-estate nature of the funds held in the reserve accounts were not disturbed by the Seventh Circuit decision, but rather, buttressed by the Seventh Circuit decision, judgment in favor of the Trustee and against the above-captioned Defendants should be entered on Count III.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in his favor and against each of the Defendants on Count III of the complaints filed in the above-captions actions, and for such other and further relief as the Court deems equitable and just.

Dated: September 9, 2014

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust

By: */s/ Vincent E. Lazar*
    One of his attorneys

Catherine L. Steege
Vincent E. Lazar
Angela M. Allen
Jenner & Block, LLP
353 N. Clark Street
Chicago, IL 60654
Tel: 312-222-9350

Chris Gair
Jeffrey Eberhard
Gair Law Group, Ltd.
1 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel: 312-600-4900

*Counsel for Frederick J. Grede, Liquidation Trustee for the Sentinel Liquidation Trust*

# CERTIFICATE OF SERVICE

I, Angela M. Allen, an attorney, certify that on September 9, 2014, I caused a copy of the

**Trustee's Omnibus Motion to Judgment on Count III** to be served by electronic mail, upon:

| | |
|---|---|
| Robert V. Shannon | Howard J. Stein |
| John Steven Delnero | Attorney at Law |
| K&L Gates LLP | 70 West Madison Street |
| 70 West Madison Street | Suite 2100 |
| Suite 3100 | Chicago, IL 60602 |
| Chicago, IL 60602 | Email: hsteinlaw@aol.com |
| Email: robert.shannon@klgates.com | |
| Email: john.delnero@klgates.com | Counsel for Farr Financial, Inc. |
| | |
| Counsel for IFX Markets, Inc. and IPGL, Ltd. | |
| | |
| Nathan Coco | William J. McKenna , Jr. |
| McDermott, Will & Emery LLP (Chicago) | Stephen Patrick Bedell |
| 227 West Monroe Street | Thomas Paul Krebs |
| #4400 | Geoffrey S Goodman |
| Chicago, IL 60606-5096 | Foley & Lardner |
| 312 984 3670 | 321 North Clark Street |
| Email: mhalloran@mwe.com | Suite 2800 |
| Email: ncoco@mwe.com | Chicago, IL 60610 |
| | (312)832-4500 |
| Counsel for Country Hedging, Inc. | Email: wmckenna@foley.com |
| | Email: sbedell@foley.com |
| | Email: tkrebs@foley.com |
| | Email: ggoodman@foley.com |
| | |
| | Counsel for FCStone LLC, Rand Financial Services, Inc., Velocity Futures, LP, ABN AMRO Clearing Chicago LLC. f/k/a Fortis Clearing Americas, LLC., Cadent Financial Services and Crossland, LLC |

Peter J Berman
Peter J. Berman, Ltd.
Willoughby Tower
8 S. Michigan Ave.
32nd FL
Chicago, IL 60603-3320
Email: pberman@pbermanlaw.com

Counsel for American National Trading Corp.


    */s/ Angela M. Allen*
        Angela M. Allen